IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of TRINITY INDUSTRIAL SERVICES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAND POINT SERVICES, LLC; and ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Defendants. | **COMPLAINT**<br>Case No.: CV424-192 |

COMES NOW the UNITED STATES OF AMERICA, for the use and benefit of Plaintiff, Trinity Industrial Services, LLC ("Trinity" or "Plaintiff"), by and through its undersigned counsel, complaining of Defendant Sand Point Services, LLC ("Sand Point") and Zurich American Insurance Company ("Zurich") (together referred to as "Defendants"), alleges and says:

## PARTIES

1. Plaintiff Trinity is a Georgia limited liability company with its principal place of business at 3692 McElroy Road, Doraville, Georgia 30340. Trinity is entitled to invoke the jurisdiction of this honorable Court.

2. Defendant Sand Point is an Alaska limited liability company with its principal place of business at 3601 C Street, Suite 1000-20, Anchorage, Alaska

99503. Sand Point does business in the State of Georgia and may be served via its registered agent Registered Agent Solutions, Inc. at 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, Georgia 30076.

3. Defendant Zurich is a New York insurance company with its principal place of business at 1299 Zurich Way, Schaumburg, Illinois 60196. Zurich is licensed and authorized to do business in the State of Georgia and may be served via its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is vested in this honorable Court pursuant to 28 U.S.C.A. § 1331 because claims herein arise under the Miller Act, 40 U.S.C.A. § 3131, *et seq.* ("Miller Act"). This honorable Court has supplemental jurisdiction over any state law claims herein pursuant to 28 U.S.C.A. § 1367.

5. Venue is proper in this honorable Court pursuant to 40 U.S.C.A. § 3133(b)(3) because the project at issue is located in the venue of the United States District Court for the Southern District of Georgia, Savannah Division.

## GENERAL FACTUAL BACKGROUND

6. Plaintiff realleges and incorporates by reference Paragraphs 1 through 5 above.

7. On or about September 30, 2020, the United States of America, Department of the Army, Savannah District, Corps of Engineers entered into a contract with Sand Point in the original contract amount of $41,195,503.00 to furnish labor, services, and materials to design, repair, renovate, and construct the project known as Repair VOLAR Barracks 514, 515, 516, and 517 at Fort Stewart, GA, Contract No. W912HN17D3003, Task Order No. W912HN20F3009 (the "Project").

8. As required by the terms of the contract and the Miller Act, Sand Point furnished a payment bond securing Sand Point's payment of the labor, materials, goods, and services furnished to the Project ("Zurich Bond"). Sand Point is principal and Zurich is the surety under the Zurich Bond.

9. A true and accurate copy of the Zurich Bond is attached hereto and incorporated herein as Exhibit A.

10. Sand Point entered into a subcontract with Trinity to perform certain demolition and asbestos removal of portions of the Project as set forth in the subcontract executed on or about April 23, 2021 ("Subcontract"). The initial value of the Subcontract between Sand Point and Trinity was $1,290,852.50.

11. A true and accurate copy of a portion of the Subcontract is attached hereto and incorporated herein as Exhibit B.

12. Trinity commenced its performance. Trinity has performed a substantial portion of its services at the Project in accordance with its obligations under the Subcontract.

13. Currently, Sand Point is indebted to Trinity in excess of the sum of $131,004.00 for outstanding Trinity billings and work performed on the Project.

14. Sand Point is also indebted to Trinity in an amount yet to be determined for the costs and expenses related to demobilization, lost profits, impacts, inefficiencies, and delays to Trinity's performance and other unresolved items.

15. Trinity reserves the right to amend its Complaint or otherwise supplement its damages when these amounts become liquidated and finally known.

16. As a direct subcontractor to Sand Point, Trinity is not required to provide any additional notice to Defendants. Trinity has demanded payment, and Sand Point has refused to pay.

17. Trinity has performed all conditions precedent to bring this action.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT AGAINST SAND POINT

18. Trinity incorporates the allegations of paragraphs 1 through 17 above as if fully set forth herein.

19. Sand Point has breached its contract with Trinity, among other ways, by failing to pay Trinity for the work it has performed.

20. As a breach of the contract between Sand Point and Trinity, Sand Point is liable to Trinity for at least the damages set forth in paragraphs 13 and 14 above.

21. As a commercial debt, Sand Point is also liable to Trinity for prejudgment interest.

22. Sand Point is also liable to Trinity for legal post-judgment interest.

COUNT II – QUANTUM MERUIT AGAINST SAND POINT

23. Trinity incorporates the allegations of paragraphs 1 through 17 above as if fully set forth herein.

24. Trinity has provided valuable goods and services to Sand Point.

25. Sand Point has freely and voluntarily accepted the valuable goods and services provided by Trinity.

26. Sand Point has retained the valuable goods and services provided by Trinity.

27. It would be unjust and inequitable to permit Sand Point to retain the valuable goods and services provided by Trinity without paying the reasonable value of those goods and services.

28. Trinity is entitled to a judgment against Sand Point minimally for the amounts set forth in paragraphs 13 and 14 above, as the reasonable value of the goods and services provided by Trinity and retained by Sand Point.

29. As a commercial debt, Sand Point is also liable to Trinity for prejudgment interest.

30. Sand Point is also liable to Trinity for post-judgment interest.

## COUNT III – BREACH OF PAYMENT BOND

## AGAINST SAND POINT AND ZURICH

31. Trinity incorporates the allegations of paragraphs 1 through 17 above as if fully set forth herein.

32. More than ninety (90) days but less than three hundred sixty-five (365) days have elapsed from the day on which Trinity last performed labor or last furnished services to the Project.

33. Payment to Trinity for the labor, materials, goods, and service provided by Trinity to the Project is guaranteed by the Zurich Bond issued by Sand Point and Zurich.

34. The failure to pay Trinity for the labor, materials, goods, and services provided to the Project by Trinity is a breach of the terms of the Zurich Bond.

35. Sand Point and Zurich are jointly and severally liable to Trinity for the damages set forth in paragraphs 13 and 14 above, as a breach of the Zurich Bond.

36. Trinity is entitled to the other damages and benefits provided under the Miller Act and the Zurich Bond provided by Sand Point and Zurich.

JURY DEMAND

Trinity demands a trial by a jury of twelve (12) for all counts so triable.

WHEREFORE, Plaintiff Trinity respectfully requests that this honorable Court grant it the following relief:

a) Judgment in Trinity's favor and against Sand Point and Zurich for the damages and other relief set forth herein, together with pre-judgment and post-judgment interest, reasonable attorneys' fees, the costs of this action, and such other relief that this Court may find just and equitable;

b) Award Trinity its attorneys' fees and costs incurred in connection with this action; and

c) Grant and award Plaintiff all other and further relief as this honorable Court deems just, equitable, and proper.

*[Signatures on the following page.]*

Respectfully submitted this 27th day of August, 2024.

**McBRYAN, LLC**

/s/Louis G. McBryan
Louis G. McBryan
Georgia Bar No. 480993
***Attorney for Plaintiff***

McBryan, LLC
6849 Peachtree Dunwoody Rd
Building B-3, Ste, 100
Atlanta, GA 30328
Telephone (678) 733-9322
lmcbryan@mcbryanlaw.com

STONE & BELLUS, P.C.

/s/John E. Bellus, Jr.*
John E. Bellus, Jr.
Georgia Bar No. 049728
***Attorney for Plaintiff***
*Petitioning for Admission to District*
*signed with express permission

Stone & Bellus, P.C.
6849 Peachtree Dunwoody Road
Building B-3, Suite 100
Atlanta, GA 30328
Telephone: 770-390-9950
Facsimile: 770-390-9940
john@stonebellus.com